Court of Common Pleas for Hamilton County.

## IN RE R. C. AYER.

Decided January 19, 1932.

*Davies, Hoover & Beall,* for contestants.

*Yeatman, Leis & Hunsicker,* and *E. G. Vogt,* for contestee.

*Robert N. Gorman,* Prosecuting Attorney, *Wm. K. Divers,* Assistant Prosecuting Attorney, for Board of Elections.

MATTHEWS, J.

This is an action to contest the election of R. C. Ayer, to whom the Board of Elections awarded a certificate of election to the office of member of the Board of Education of Anderson Township school district. It is admitted that the Board of Elections correctly counted the ballots and that it showed that R. C. Ayer and R. C. Fryer received an equal number of votes, and that thereupon R. C. Ayer won the election by the drawing of lots and was given the certificate.

This contest raises the question of the validity of just two votes, one cast for R. C. Ayer and one cast for R. C. Fryer. If the vote counted for R. C. Fryer is found to be invalid, then R. C. Ayer is entitled to the certificate of election no matter what decision is reached with reference to the vote counted for R. C. Ayer.

The vote of James R. Walls was cast for R. C. Fryer and it is this vote that the contestee claims is illegal. The evidence shows that he is a married man and that his wife and child reside on Heekin Avenue, Cincinnati, with her parents, and James R. Walls lives there most of the time, staying there at night and taking his meals there regularly, and only occasionally eating and sleeping at his father's home in the precinct where he voted. There is no suggestion in the evidence that he had separated

and was living apart from his wife and children. His wife voted in Cincinnati.

Did James R. Walls "reside" in Anderson Township? While intention is an important factor in determining residence, it is not conclusive and cannot control when inconsistent with actualities. The avowed intention has weight only when the facts otherwise are ambiguous and therefore susceptible of more than one construction.

In 14 *Ohio Jurisprudence,* 594, it is said on this subject:

"The cardinal fact being mental, it is hard to discover, and liable to misconstruction and dispute. It is provable in two ways: (1) By the testimony of the person himself; (2) inferentially or inductively, by the proof of other facts, physical and external, which may indicate the mind of the person. It would be unsafe and unwise to rely implicitly on testimony of the first class in all cases, for manifest reasons. The second class opens up the widest possible range of testimony, going into the person's whole life and all its conditions and circumstances."

Residence is a term of varying shades of meaning, depending upon the text in which it happens to be used. The sense in which it is used in the Constitution is not completely defined. Except as defined the Legislature has authority to legislate on the subject and has done so.

Section 4785-31, paragraph D, General Code furnishes the rule by which to construe the facts proven in this case. It provides that—

"The place where the family of a married man or woman resides shall be considered and held to be his or her place of residence, except that where the husband and wife have departed and live apart, etc."

Applying this statute, it seems clear that James R. Walls was not a qualified voter in this election and his vote should be deducted from the total counted for R. C. Fryer.

Having reached this conclusion it is unnecessary to consider the validity of the vote cast for R. C. Ayer, which has been challenged by the contestants.

A judgment may be prepared finding in favor of the contestee.